1797

Norma J. PRICE, Appellant v. PICKENS COUNTY, Respondent.

(416 S.E. (2d) 666)

Court of Appeals

---

*Hal J. Warlick* and *Larry A. Welborn,* Easley, *for appellant.*

*Alvin D. Johnson,* Pickens, *for respondent.*

Heard Feb. 11, 1992; Decided Apr. 6, 1992.

Reh. Den. May 14, 1992.

SHAW, Judge:

Appellant, Norma J. Price, brought an action in conversion against respondent, Pickens County, for taking possession of a boat and motor belonging to her. The circuit court granted the county's motion for summary judgment and Price appeals. We affirm.

On November 6, 1989, Tommy Bagwell, doing business as Bagwell Outboard, brought a claim and delivery action in the Pickens County Magistrate Court alleging entitlement to a boat and motor in the possession of Price. The magistrate issued an order directing the Pickens County Sheriff's deputy to immediately take possession of the boat and motor and deliver it to the Pickens County Law Enforcement Center. Pursuant to that order, Deputy Hunter removed the boat and motor from Price's home on November 6, 1989.

On November 28, 1989, Price brought a conversion action against the county alleging her property was taken without right or justification and that the action of the county consti-

tuted conversion of her property. The county answered and, subsequently, filed a motion for summary judgment. On July 12, 1990, a hearing was held on the motion in the circuit court. After consideration of the pleadings, affidavits and argument of counsel, the court granted the motion finding, under S.C. Code Ann. § 15-78-60 (Supp. 1991), the county could not be held liable for any alleged act of conversion since the property was removed pursuant to the order of a judicial officer.

Price contends the trial judge erred in construing § 15-78-60 as no documents were served on her pursuant to S.C. Code Ann. § 22-3-1410 (1976) and she did not waive her right to a preseizure hearing as provided in S.C. Code Ann. § 22-3-1350 (1976) and § 22-3-1360 (1976). She further argues there was a jury issue as to whether the deputy acted reasonably and, thus, summary judgment was improper.

S.C. Code Ann. § 15-78-60(3) (Supp. 1991) provides that the governmental entity is not liable for a loss resulting from "execution, enforcement, or implementation of the orders of any court or execution, enforcement, or *lawful implementation* of any process." (Emphasis added.)

§ 22-3-1410 provides, in part:

> The constable to whom the affidavit, endorsement, notice of preseizure hearing and summons shall be delivered, shall, without delay, serve upon the defendant a copy of the affidavit, notice and summons. . . .

§ 22-3-1350 provides:

> The purpose of the preseizure hearing is to protect the defendant's use and possession of property from arbitrary encroachment, and to prevent unfair or mistaken deprivations of property. If the magistrate shall, after conducting the hearing, find that the plaintiff's claim for immediate possession is probably valid and the defendant has no overriding right to continue in possession of the property, then the magistrate may allow the claim for immediate possession and endorse the affidavit accordingly. Whether the claim for immediate possession is allowed or not, the action commenced by the service of the summons shall be tried in all respects as other actions are tried in the magistrates' courts.

§ 22-3-1360 provides in part:

> No property shall be seized under the provisions of this article unless five days' notice and an opportunity to be heard have been afforded th party in possession as herein provided; *provided, however,* any person in possession of the personal property may waive the right to a pre-seizure hearing. . . .

Price apparently contends the failure of the county to comply with the above quoted code sections amount to a failure of "lawful implementation of process" as required by § 15-78-60(3). There is no transcript of the summary judgment hearing in the record before us. There are no affidavits or pleadings raising §§ 22-3-1350, 22-3-1360 or 22-3-1410 to show the failure of "lawful implementation" required under § 15-78-60. Further S.C. Code Ann. § 22-3-1380 (1976) provides:

> Upon a showing unto the magistrate supported by an affidavit containing facts sufficient to show that it is probable to believe that the property at issue is in immediate danger of being destroyed or concealed by the possessor of such property and particularly describing such property and its location, the magistrate shall make a determination as to whether or not the property may be immediately seized. *Provided,* that the holding of a preseizure hearing by the magistrate shall not be a condition precedent to such determination.

The county indicates the magistrate had before him an affidavit for immediate delivery alleging there was immediate danger that Price would destroy the property in question. The record does not contain the complete order of the magistrate. While the order appears to contain the affidavit of Tommy Bagwell, only the last page of the order with only a portion of Bagwell's affidavit is contained in the record. This portion clearly directs that immediate possession be taken of the property.

The burden is on the appellant to provide a sufficient record such that this court can make an intelligent review. *Taylor v. Taylor,* 294 S.C. 296, 363 S.E. (2d) 909 (Ct. App. 1987). This court will not consider issues on appeal that were neither raised before nor ruled upon by the court

below. *Windham v. Honeycutt,* 290 S.C. 60, 348 S.E. (2d) 185 (Ct. App. 1986). A trial judge will not be reversed for failing to act on a matter that was not submitted to him. *Roche v. S.C. Alcoholic Beverage Control Commission,* 263 S.C. 451, 211 S.E. (2d) 243 (1975). Accordingly, the order below is affirmed.

Affirmed.

SANDERS, C.J., and LITTLEJOHN, Acting Judge, concur.