506 S.E.2d 93

STATE of West Virginia ex rel. WEST VIRGINIA DEPARTMENT OF HEALTH AND HUMAN RESOURCES, Petitioner,

v.

Honorable Tod J. KAUFMAN, Judge of the Circuit Court of Kanawha County, and Inez D.B., Administratrix of the Estate of Alisha Nicole B., Respondents.

STATE of West Virginia ex rel. WEST VIRGINIA DEPARTMENT OF HEALTH AND HUMAN RESOURCES and Jessica Miller–Presutti, Petitioners,

v.

Honorable Christopher C. WILKES, Judge of the Circuit Court of Jefferson County, and Matthew S., an Infant by and Through his Guardian and Next Friend, Frank S., Respondents.

Nos. 24904, 24905.

Supreme Court of Appeals of West Virginia.

Submitted March 24, 1998.

Decided July 10, 1998.

**57**

W. Randolph Fife, Jan L. Fox, Ancil G. Ramey, Steptoe & Johnson, Charleston, for Petitioner.

James I. Stealey, Goldenberg, Goldenberg & Stealey, Parkersburg, and Gregory W. Sproles, Breckinridge, Davis, Sproles & Stollings, Summersville, and Joseph P. Albright, Albright, Bradley & Ellison, Charleston, for Inez B., Administratrix.

Lucien G. Lewin, Tracy B. Dawson, Ancil G. Ramey, Steptoe & Johnson, Charleston, for Petitioners.

F. Samuel Bryer, John C. Skinner, Nichols & Skinner, Charles Town, and Bertram M. Goldstein, Jeffrey S. Goldstein, Andrew L. Saum, Bertram Goldstein & Associates Baltimore, MD, for Matthew S.

1. We point out that a per curiam opinion is not legal precedent. *See Lieving v. Hadley,* 188

**PER CURIAM:** [1]

The West Virginia Department of Health and Human Resources (hereinafter "DHHR") seeks writs of prohibition to prevent enforcement of denials of summary judgment in personal injury and wrongful death matters in which DHHR contends that it is immune from suit based upon (1) statutory immunity; (2) quasi-judicial immunity; (3) common-law doctrine of qualified immunity and no violation of a clearly established right; and (4) absence of duty based upon the public duty doctrine. We grant the requested writs as moulded and remand for additional evaluation by the lower courts and compliance with this Court's directives in *Fayette County National Bank v. Lilly,* 199 W.Va. 349, 484 S.E.2d 232 (1997).

This appeal consolidates similar immunity matters arising from civil actions in the Circuit Court of Kanawha County and the Circuit Court of Jefferson County. In the Kanawha County case, an abused child was killed by the abuser after DHHR had placed the child back into the home. In the Jefferson County case, a twenty-nine day old child had been taken to the hospital with a broken arm, and the DHHR caseworker failed to inform supervisors that she had a personal friendship with the father of the child. The child was permitted to remain in the home with his parents. Approximately one week later, his parents took him to the hospital where he was diagnosed as suffering from permanent brain damage, blindness, physical deformity, and mental retardation as a result of a severe beating. The parental rights were subsequently terminated, and the child was adopted.

The DHHR was sued in both matters, and the lower courts denied DHHR's motions for summary judgement despite DHHR's assertion of immunity from suit based upon (1) statutory immunity; (2) the exercise of quasi-judicial discretion; (3) common-law doctrine of qualified immunity and no violation of a clearly established right; and (4) absence of duty based upon the public duty doctrine. The DHHR now seeks writs of prohibition

W.Va. 197, 201 n. 4, 423 S.E.2d 600, 604 n. 4 (1992).

preventing the application of the orders denying summary judgment. The DHHR maintains that the lower courts erred in failing to identify any genuine issues of fact regarding the immunities asserted by DHHR, thereby denying this Court a meaningful opportunity for appellate review.[2] The DHHR further contends that the courts' failure to grant summary judgment and concurrent failure to render any decision regarding the application of the alleged immunities, in effect delays a determination of whether the immunities apply until an appeal is taken from a judgment on a jury verdict.

■ The standard properly employed by a circuit court in the determination of whether to grant summary judgment was explained as follows in syllabus point one of *Lilly*, " 'A motion for summary judgment should be granted only when it is clear that there is no genuine issue of fact to be tried and inquiry concerning the facts is not desirable to clarify the application of the law.' *Aetna Casualty & Surety Co. v. Federal Insurance Co. of New York*, 148 W.Va. 160, 133 S.E.2d 770 (1963)." 199 W.Va. at 350, 484 S.E.2d at 233.

■ In the cases sub judice, the lower courts denied DHHR's motions for summary judgment without addressing the myriad of immunity allegations raised by DHHR. Statutory immunity pursuant to West Virginia Code § 49–6A–6, for instance, provides that "[a]ny person, official or institution participating in good faith in any act permitted or required by this article shall be immune from any civil or criminal liability that otherwise might result by reason of such actions." DHHR maintained that the only reasonable interpretation of the Legislature's language is the intent that DHHR be immune from suit. The DHHR also sought to have the court apply the doctrines of quasi-judicial immunity and the common-law doctrine of qualified immunity. The DHHR raised the allegation that no liability attached due to the absence of duty to the injured parties, pursuant to the public duty doctrine, a concept independent of the doctrine of governmental immunity.

Despite the specific enunciation of immunity allegations, the lower courts denied the motions for summary judgment without discussion of the specific immunities, providing no indication of the basis for the denial. As DHHR emphasizes, only one of the multiple immunities claimed would have to apply to shield DHHR from liability.

■ In syllabus point three of *Lilly*, we explained that "[a]lthough our standard of review for summary judgment remains de novo, a circuit court's order granting summary judgment must set out factual findings sufficient to permit meaningful appellate review. Findings of fact, by necessity, include those facts which the circuit court finds relevant, determinative of the issues and undisputed." 199 W.Va. at 350, 484 S.E.2d at 233. We further reasoned that "the circuit court's order must provide clear notice to all parties and the reviewing court as to the rationale applied in granting or denying summary judgment." 199 W.Va. at 354, 484 S.E.2d at 237. "This Court's function, as a reviewing court is to determine whether the stated reasons for the granting of summary judgment by the lower court are supported by the record." *Id.* at 353, 484 S.E.2d at 236. This Court cannot perform its designated function if the lower court's rationale is not provided.

We conclude that the lower courts inadequately articulated the bases for the denials of summary judgment on the multiple grounds alleged by DHHR. The lower courts failed to address the separately designated immunities raised and thereby failed to provide an adequate basis for judicial review of these immunity issues. We consequently remand these cases for thorough evaluation of each of the immunities alleged by DHHR and the fashioning of lower court orders specifying the rationale for the decisions in

---

**2.** The Kanawha County order denying summary judgment, for instance, stated only that "the Court finds that genuine issues of material fact remain to be determined in this matter and, rather than to invite error at this stage of the litigation, this matter should proceed to jury trial." The Jefferson County order similarly denied the summary judgment motion indicating only "that there are genuine issues of material fact and that the motion for summary judgment should be denied."

each separate allegation of immunity and containing sufficient findings of fact and conclusions of law to permit meaningful review by this Court.

Writs granted as moulded.