536 S.E.2d 86

**Charles B. BOWEN, Jr., as the Administrator of the Estate of Paul Edward Morris, Appellant,**

v.

**LEE PROCESS SYSTEMS COMPANY, Lee Industries, Inc., Van Waters & Rogers, Inc., TMC Construction Co., Inc., G–M Mechanical Corporation, Piedmont, Olsen, Hensley, Inc., and Procaps Machine Corp., Defendants,**

**of whom TMC CONSTRUCTION CO., INC., G–M Mechanical Corporation, and Piedmont, Olsen, Hensley, Inc., are, Respondents.**

**No. 3224.**

Court of Appeals of South Carolina.

Submitted June 5, 2000.

Decided July 17, 2000.

William A. Jordan, of Greenville, for appellant.

Karl S. Brehmer, of Brown & Brehmer, of Columbia; Donald A. Harper and N. Ward Lambert, both of The Harper Law Firm; and Samuel W. Outten, of Leatherwood, Walker, Todd & Mann, all of Greenville, for respondents.

GOOLSBY, Judge:

Charles Bowen, on behalf of decedent Paul Morris, filed complaints alleging breach of implied warranty, negligence, and gross negligence against TMC Construction Co., Inc., G–M Mechanical Corporation, and Piedmont, Olsen, Hensley, Inc. (collectively "Defendants"). The trial court initially granted summary judgment to Defendants on the implied warranty and negligence claims. Following a hearing on Defendants' motions to reconsider, the court issued a form order granting summary judgment on the remaining gross negligence claim.[1] Bowen appeals from the order on reconsideration.[2] We vacate and remand.[3]

## BACKGROUND

Paul Morris was employed as a gel prep operator at General Nutrition Corporation's vitamin manufacturing plant in Greenville. At the time of the accident, Morris was cleaning pressure vessels, or "gel melters." Gel melters, essentially giant mixers, utilize steam-generated heat to melt the gelatin used in making vitamin "gelcaps."

On May 11, 1993, around 5:00 p.m., Morris began cleaning a gel melter by mixing water and trisodium phosphate (TSP) in

---

1. The language of the trial court's form order read as follows:

   The motion to reconsider, by defendants Piedmont, GM Mechanical & TMC, is granted and summary judgment is granted as to the remaining gross negligence action against these defendants.

2. Defendants contend the sole issue for our consideration is the grant of summary judgment on gross negligence because Bowen failed to reference the first order on the breach of warranty and simple negligence claims in his Notice of Appeal. We agree that only the gross negligence claims remain, but do so for a different reason. Bowen failed to brief any issue pertaining to theories of implied warranty or negligence. Accordingly, we deem any issue related to these claims abandoned and not preserved for our review. *See First Sav. Bank v. McLean,* 314 S.C. 361, 444 S.E.2d 513 (1994) (failure to provide arguments or supporting authority renders it abandoned); *O'Laughlin v. Windham,* 330 S.C. 379, 498 S.E.2d 689 (Ct.App.1998) (issues are deemed abandoned and not preserved for appellate review if an appellant fails to argue and offer supporting authority for the error alleged).

3. We decide this case without oral argument pursuant to Rule 215, SCACR.

the vessel's bowl and turning on its steam jacket.[4]   Because the vessel's temperature gauge was broken, Morris had been instructed to let the steam heat the TSP mixture for approximately fifteen minutes.   Thereafter, Morris either opened the vessel's rubber-sealed porthole to check the mixture or the overheated mixture in the pressurized container exploded and blew the porthole's cover off.   Morris was doused with the scalding hot TSP mixture.   Despite extensive treatment at the Augusta Regional Medical Center, Morris died fifteen days later, having suffered chemical and thermal burns over eighty-two per cent of his body.

## LAW/ANALYSIS

Summary judgment is proper when it is clear there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law.[5]   Summary judgment should be granted when plain, palpable, and undisputable facts exist upon which reasonable minds cannot differ.[6]   To determine whether an issue of fact exists, the court must view the evidence and all its inferences in a light most favorable to the nonmoving party.[7]

On appeal from the grant of summary judgment, an appellate court must determine whether the trial court's stated grounds for its decision are supported by the record.[8]   It is our duty to undertake a thorough and meaningful review of the trial court's order and the entire record on appeal. Where, as here, the trial court fails to articulate the reasons for its action on the record or enter a written order outlining

---

4. Trisodium phosphate, a chemical compound in the lye family, is the cleaning agent recommended by the pressure vessels' manufacturer.

5. Rule 56(c), SCRCP; *Baird v. Charleston County*, 333 S.C. 519, 511 S.E.2d 69 (1999); *Vermeer Carolina's, Inc. v. Wood/Chuck Chipper Corp.*, 336 S.C. 53, 518 S.E.2d 301 (Ct.App.1999).

6. *Trico Surveying, Inc. v. Godley Auction Co.*, 314 S.C. 542, 431 S.E.2d 565 (1993).

7. *Koester v. Carolina Rental Ctr., Inc.*, 313 S.C. 490, 443 S.E.2d 392 (1994).

8. *Fayette County Nat'l Bank v. Lilly*, 199 W.Va. 349, 484 S.E.2d 232 (1997).

its rationale, we simply cannot perform our designated function.[9]

■ We therefore hold a trial court's order on summary judgment must set out facts and accompanying legal analysis sufficient to permit meaningful appellate review.[10] Such an

---

**9.** *See State ex rel. West Virginia Dep't of Health & Human Resources v. Kaufman,* 203 W.Va. 56, 506 S.E.2d 93, 95 (1998) (stating that an appellate court "cannot perform its designated function if the lower court's rationale is not provided"); *First Land Brokerage Corp. v. Northern,* 220 Kan. 48, 551 P.2d 866, 869 (1976) (holding that "upon . . . entry [of summary judgment] the court should state the controlling legal principles and enunciate the basis on which the judgment rests. Failure to do so can only result in confusion. Frequently, neither the litigants nor the appellate courts can decipher the ruling and uncover the genuine basis" for the trial court's decision.); *Brown v. Wichita State Univ.,* 217 Kan. 661, 538 P.2d 713, 717 (1975) (reiterating that the trial court should state the controlling facts and the legal principles upon which it granted summary judgment because otherwise, the appellate court "will be required to explore and consider every possible legal theory which may be said to be involved in the summary judgment. Judges of a court of record, unlike a jury which may render an unreasoned decision in a general verdict, must . . . assign reasons for the decision rendered.").

**10.** Indeed, several states have adopted procedural rules to this effect. *See, e.g., Jovine v. FHP, Inc.,* 64 Cal.App.4th 1506, 76 Cal.Rptr.2d 322, 337 n. 22 (1998) (noting that a proper trial court order granting summary judgment would fully comply with California rule section 437c(g), which states in relevant part: "Upon the grant of a motion for summary judgment . . . the court shall, by written or oral order, specify the reasons for its determination. The order shall specifically refer to the evidence proffered in support of, and if applicable in opposition to, the motion which indicates that no triable issue exists. . . ."); *W.F. Hayward Co. v. Transamerica Ins. Co.,* 16 Cal.App.4th 1101, 20 Cal. Rptr.2d 468, 474 (1993) (stating a "key objective" of subdivision (g) of section 437c is for the purpose of meaningful appellate review); *Masters v. Worsley,* 777 P.2d 499, 501 (Utah Ct.App.1989) (explaining that Utah R. Civ. P. 52(a) requires a trial court to "issue a brief written statement of the ground for its decision on all motions granted under [the summary judgment rule] when the motion is based on more than one ground." The court then noted, "a statement of grounds found by the trial court to justify summary judgment would be of great assistance [to the appellate court], and in an appropriate case, failure to do so may justify remand to the trial court."); *Shortridge v. Platis,* 458 N.E.2d 301, 306 (Ind.Ct.App.1984) (stating that although the "[f]ailure to make specific findings is not fatal to . . . [summary] judgment," there are "compelling reasons for trial courts to set forth in writing the reasons for granting summary judgment"). *Cf. Kline v. Kramer,* 179 Ind.App. 592, 386 N.E.2d 982, 990 (1979) (reiterating that state procedural rule

56(C) requires the trial court to "delineate those issues and claims upon which it finds no genuine issue as to material facts" but affirming the trial court's form order because it was accompanied by a memorandum which "fully discussed the issues which [the appellants] raised in opposition to the summary judgment motion, the facts relevant thereto, and the theory upon which it granted the appellees' motion").

In addition, the Supreme Court and a majority of federal circuits have held similarly. *See, e.g., Carter v. Stanton*, 405 U.S. 669, 671, 92 S.Ct. 1232, 31 L.Ed.2d 569 (1972) (vacating summary judgment and remanding the case to the district court where the court's order was "opaque and unilluminating as to either the relevant facts or the law with respect to the merits" of the claim); *Ackra Direct Mktg. Corp. v. Fingerhut Corp.*, 86 F.3d 852, 857 (8th Cir.1996) (explaining that although courts are not normally required to make findings of fact or conclusions of law in ruling on motions, the court "may remand when the lack of findings by the district court would substantially hinder" appellate review); *Pasquino v. Prather*, 13 F.3d 1049, 1050–51 (7th Cir.1994) (remanding the case where the district court's denial of summary judgment was "too cursory to permit proper appellate review" because it neither identified the facts determined to be disputed nor discussed why the disputed facts were material to the issue at hand; the court stated that "[c]onclusory rulings are inadequate material for the tools of the appellate bench"); *Roque–Rodriguez v. Lema Moya,* 926 F.2d 103, 105 n. 3 (1st Cir.1991) (noting that although brevity is permissible on summary judgment motions, "a bench decision or memorandum·which explicates the trial court's thinking will often prove to be of inestimable value to the litigants and to a reviewing court"); *United States v. Woods*, 885 F.2d 352, 354 (6th Cir.1989) (pointing out that findings of fact are not "absolutely required," but explaining that when deciding motions for summary judgment, "district courts should generally set out the reasons for their decisions with some specificity, in clear though brief language, rather than simply tracking the language of the rule in their orders ." The court elaborated, stating that when summary judgment motions are granted "without any indication as to the specific facts and rules of law supporting the court's decision, it is difficult ... for an appellate court to review such a decision. The absence of reasons may also often prejudice the reviewing court's view of the correctness of the decision below."); *Van Bourg, Allen, Weinberg & Roger v. NLRB*, 656 F.2d 1356, 1357 (9th Cir.1981) (stating, "When summary judgment has been granted, a statement of the dispositive facts and controlling principles of law is permissible and indeed preferable to assist review on appeal. When the district court's 'underlying holdings would otherwise be ambiguous or inascertainable,' the reasons for entering summary judgment must be stated somewhere in the record.") (internal citations omitted); *Hanson v. Aetna Life & Cas.*, 625 F.2d 573, 575 (5th Cir.1980) (in vacating and remanding for entry of reasons in support of summary judgment, the appellate court stated that although the absence of findings of fact and conclusions of law is not fatal, "the parties are entitled to know the reasons upon which (summary) judgment(s) ... are based ... to secure meaningful appellate review." The court continued by explaining that although their prior admonitions had been precatory in character, in practice,

order must "include those facts which the circuit court finds relevant, determinative of the issues and undisputed." [11] In doing so, the trial court should "provide clear notice to all parties and the reviewing court as to the rationale applied in granting ... summary judgment." [12]

We are aware that some courts believe "factual findings" to be ill-advised in that they might imply that a fact question was presented which would warrant denial of the summary judgment motion. In our opinion, however, the better view is that these findings are helpful in indicating the basis upon which the trial court made its decision and what it understood to be the undisputed facts for granting the summary judgment motion. [13]

▮ Furthermore, the "facts" to which we refer are not factual findings in the ordinary sense as contemplated in our rules of procedure. [14] Rather, these factual findings are statements made by the court as it views the evidence and its inferences in the light most favorable to the nonmoving party. [15] In *Fayette County National Bank v. Lilly*, [16] the West Virginia Supreme Court was faced with an identical procedural rule and prior case law stating that it was "totally improper for the trial court to make findings of fact in connection with granting a summary judgment [motion] as the very nature of summary judgment is that there is no genuine issue of material fact, entitling the moving party to judgment as a matter of

---

they "insisted that district courts record however informally their reasons for entering summary judgment, at least where their underlying holdings would otherwise be ambiguous or inascertainable.") (internal citations omitted).

**11.** *Lilly*, 484 S.E.2d at 237.

**12.** *Id.*

**13.** *See* 9A Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 2575 (2d ed.1994).

**14.** *See* Rule 52(a), SCRCP ("Findings of fact and conclusions of law are unnecessary on decisions of motions under Rules 12 or 56 or any other motion....").

**15.** *Vermeer*, 336 S.C. at 59, 518 S.E.2d at 304.

**16.** 199 W.Va. 349, 484 S.E.2d 232 (1997).

law." [17]   In reconciling seemingly opposing contentions, the court there stated:

> We are fully cognizant that a majority of jurisdictions do not require trial courts to set out findings in orders granting summary judgment. . . . We believe this approach is grounded in blind adherence to fictional legal form[ ] that sacrifices concrete legal substance.  Requiring that meaningful findings be set out in orders granting summary judgment does not somehow transform circuit court[ ]s into triers of fact—engaging in weighing [evidence] and credibility determinations that are prerequisites for disputed jury facts.  In reviewing a circuit court's order granting summary judgment this Court, like all reviewing courts, engages in the same type of analysis as the circuit court. . . . In the final analysis, it is illogical to prohibit circuit courts from making meaningful findings in granting summary judgment. . . . [W]e are [simply] requiring meaningful findings that will guide our review of decisions [on] summary judgment. . . . To be clear, being explicit about its reasoning not only assists the hearing tribunal in analyzing legal claims and the equities of the situation, but also facilitates appellate review.[18]

---

**17.**  *Id.* at 236.

**18.**  *Id.* at 236 n. 8 (internal citations omitted).  Other state courts that have addressed this apparent dichotomy have concluded similarly.  *See, e.g., Mapleturn Utils. v. Foxcliff South Assocs.*, 673 N.E.2d 5, 10 (Ind.Ct. App.1996) (explaining that "[w]here the trial court enters findings of fact and conclusions of law when ruling upon a motion for summary judgment, such findings and conclusions illuminate the court's rationale; however, they have no other purpose"); *Noel Williams Masonry, Inc. v. Vision Contractors of Charlotte, Inc.*, 103 N.C.App. 597, 406 S.E.2d 605 (1991) (discussing how orders on summary judgment do not normally contain detailed findings of fact, but pointing out that such findings may be helpful if they are actually the trial court's summation of the undisputed facts which support the judgment); *Crosby v. Great Atl. & Pac. Tea Co.*, 143 Vt. 537, 468 A.2d 567, 569 (1983) (noting that the phrase "findings of fact" normally implies a resolution of disputed facts by the trial court after hearing the evidence presented.  "In a summary judgment context, however, findings would merely include 'precise statements delineating the facts that exist without substantial controversy.'  We again urge the trial courts to include such findings with an order granting summary judgment to facilitate appellate review.") (internal citations omitted).

At least one federal circuit has also addressed the apparent contradiction:

The judicial function relative to fact-analysis on a motion for summary judgment is 'limited to ascertaining whether any factual issue pertinent to the controversy exists; it does not extend to resolution of any such issue.' A 'finding of fact' by the district court in a summary judgment proceeding thus constitutes only a finding that no genuine, material issue exists as to that fact; by the nature of summary judgment, it cannot be an indication that the trial court has weighed the evidence and found a fact in the traditional sense. 'Findings of fact' in a summary judgment proceeding are therefore not truly findings of fact and should perhaps bear a different label. By whatever name such 'findings' take, they can be helpful.... 'Findings of fact' also help an appellate court 'in making clear the basis for the trial court's decision and in indicating what that court understood to be the undisputed facts on which summary judgment was granted.' Identifying the undisputed material facts and indicating the basis for summary judgment are the sole purposes of 'findings of fact' on summary judgment.[19]

■ In this instance, we are presented with a seven-volume record on appeal involving the tragic death of a twenty-eight-year-old father of four. Other than the trial court's cursory form order, the record contains only one declaration from the bench pertinent to the grant of summary judgment:

I'm sorry, Mr. Jordan, I just really can't—I realize I could take the easy way out, but I just don't see—I just don't see how the evidence in the record can establish a duty on the part of the construction defendants that was breached in some grossly negligent manner.

We are unable to discern from this statement whether the court found Defendants owed no duty to Bowen, whether they owed a duty to Bowen and breached it, or whether they were negligent, but not grossly negligent.[20] Moreover, our initial

---

**19.** *Garter–Bare Co. v. Munsingwear, Inc.,* 650 F.2d 975, 983 (9th Cir. 1980) (internal citations omitted).

**20.** Bowen conceded in his appellant's brief that he must prove Defendants were grossly negligent as opposed to merely negligent because

review of the record leads us to determine the propriety of summary judgment was a rather close question. It is imperative, then, that the trial court state the material facts it found undisputed and the applicable law supporting its grant of summary judgment to Defendants.

We vacate summary judgment on Bowen's claims of gross negligence and remand the case to the trial court for a written order identifying the facts and accompanying legal analysis upon which it relied in granting Defendants' summary judgment motion.[21]

**VACATED AND REMANDED.**

CURETON and SHULER, JJ., concur.

---

this action was not commenced within thirteen years after the pressure vessel at issue was installed. *See* S.C.Code Ann. § 15-3-640 (Supp. 1999) ("No actions to recover damages based upon or arising out of the defective or unsafe condition of an improvement to real property may be brought more than thirteen years after substantial completion of such an improvement."); S.C.Code Ann. § 15-3-670 (Supp.1999) ("The limitations provided by §§ 15-3-640 through 15-3-660 are not available as a defense to any person guilty of ... gross negligence, or recklessness ... in performing or furnishing the design, plans, specifications, surveying, planning, supervision, testing or observation of construction, construction of, or land surveying, in connection with such an improvement, or to any person who conceals any such cause of action.").

21. *See, e.g., Kaufman,* 506 S.E.2d at 95 (remanding the case for the fashioning of an order specifying the rationale for denial of summary judgment where the lower court inadequately articulated the bases for its decision).