THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
 Pamela Ann Lautner,       
 Respondent,
 
 
 

v.

 
 
 
Jack Louis Lautner,       
Appellant.
 
 
 

Appeal From Greenville County
Timothy M. Cain, Family Court Judge

Unpublished Opinion No. 2004-UP-103
Submitted February 9, 2004  Filed February 
 18, 2004

REVERSED AND REMANDED

 
 
 
Bruce W. Bannister, of Greenville, for Appellant
Pamela A. Forrest, of Fountain Inn, pro se.
 
 
 

PER CURIAM:  In this action, Jack 
 Lautner (Husband) appeals an order by the family court regarding the equitable 
 distribution of marital property owned by him and his wife, Pamela (Wife).  
 He argues the family court erred in finding passive earnings on the nonmarital 
 portion of a retirement account to be marital property.  We reverse and remand. 
 [1] 
FACTS
Husband and Wife were married in 
 1985 in Greenville County.  They separated on April 11, 2000, and this domestic 
 action followed.  At the time of the marriage, Husband worked for Hart Graphics, 
 Inc., which provided a 401(k) retirement account.
At the initial hearing, it was 
 agreed by the parties that portions of this account were earned prior to the 
 marriage and that other portions were marital property.  The parties agreed 
 that Wife would provide the court with appropriate records from the retirement 
 plan administrator as to the value of the account on the date of the marriage 
 and that Husbands expert would calculate the amount of passive increases thereto.  
 At the second hearing, however, neither party presented an official record as 
 to the exact amount of the account on the date of the marriage.  Husband informed 
 the court that he was unable to obtain this information from the plan administrator.
Notwithstanding the lack of official 
 records as to the value of the account on the date of the marriage, both parties 
 presented evidence concerning this non-marital portion and the passive increases 
 thereafter accumulated.  Wifes expert was not present at trial and was not 
 subject to any cross-examination as to his qualifications or methods. All evidence 
 provided by him was in the form of a one-page report.  Husbands expert appeared 
 at trial and seemed to base his testimony on additional data not considered 
 by Wifes expert.  The judge found the report and evidence presented 
 by Husbands expert to be the most reliable and allocated this reports recommended 
 $16,606 as the pre-marital contribution amount.  The judge also found 
 that this amount has since earned passive increases of $64,485.  While 
 not waiving any claim to these passive increases, Wifes counsel did stipulate 
 to the method of calculation of the value of the premarital portion of the account.
In his final order concerning the 
 equitable distribution of the property, the judge awarded Husband a credit for 
 the premarital contribution amount, but deemed all passive increases marital 
 property and divided this amount between the parties.  Husband appeals, 
 arguing that the judge erred in holding that passive earnings on the nonmarital 
 portion of the retirement account constituted marital property.
STANDARD OF REVIEW
In appeals from the family court, this 
 court has the authority to find facts in accordance with our own view of the 
 preponderance of the evidence.  Woodall v. Woodall, 322 S.C. 7, 10, 471 
 S.E.2d 154, 157 (1996).  This broad scope of review, however, does not require 
 us to disregard the findings of the family court judge, who saw and heard the 
 witnesses and was in a better position to evaluate their credibility and assign 
 comparative weight to their testimony.  McElveen v. McElveen, 332 S.C. 
 583, 591, 506 S.E.2d 1, 5 (Ct. App. 1998).
LAW / ANALYSIS
Under South Carolina law, it is clear 
 that a passive increase in the value of a pre-marital investment, unless the 
 investment is transmuted into marital property, remains nonmarital property 
 and is not subject to equitable division by order of the family court.  
The family court does not have jurisdiction or authority 
 to apportion nonmarital property.  See S.C. Code Ann. § 20-7-473 (Supp. 
 2003) (The court does not have jurisdiction or authority to apportion nonmarital 
 property.).  Marital property is statutorily defined as any property acquired 
 by the parties during the marriage. Id.  The statute also clearly states 
 that any increase in value in nonmarital property, except to the extent that 
 the increase resulted directly or indirectly from efforts of the other spouse 
 remains non-marital property.  Id. § 20-7-473(5); See also 
 Johnson v. Johnson, 296 S.C. 289, 294, 372 S.E.2d 107, 110 (Ct. App. 
 1998) (finding passive earnings on a nonmarital IRA account to be nonmarital 
 property).
In the case before us, the family court judge found, 
 and the parties agreed, that a portion of Husbands retirement fund was nonmarital 
 property invested prior to the marriage.  This amount was stipulated and properly 
 credited to Husband.  The amount of earnings, however, that this amount had 
 accrued through no effort by either spouse was wrongfully split between Husband 
 and Wife.  Having determined at trial that $64,485 of the retirement fund was 
 attributable to passive earnings on nonmarital investments, it was then error 
 to divide this portion of the fund between the parties. Unless transmuted or 
 the result of efforts by the claiming spouse, any increase in the value of nonmarital 
 property is itself nonmarital property. See Johnson, 296 S.C. 
 at 294, 372 S.E.2d at 110; Calhoun v. Calhoun, 331 S.C. 157, 174, 501 
 S.E.2d 735, 744 (Ct. App. 1998), reversed in part 339 S.C. 
 96, 529 S.E.2d 14 (2000).  
In rather conclusory fashion, Wife claims for the 
 first time on appeal that the retirement account became marital property through 
 transmutation.  While in certain circumstances nonmarital property may be transmuted 
 into marital property, the spouse asserting this transmutation must produce 
 [at trial, not on appeal] objective evidence showing that, during the marriage, 
 the parties themselves regarded the property as the common property of the marriage. 
 Johnson, 296 S.C. at 298, 372 S.E.2d at 110-11.  Wife cites no such evidence, 
 nor can we find any, in the record on appeal. [2] 
For the foregoing reasons, the order of the family 
 court, holding that passive earnings on the non-marital portion of the retirement 
 account constituted marital property, is
REVERSED.  We REMAND for a recalculation of the equitable distribution 
 award. 
HEARN, C.J., ANDERSON and BEATTY, JJ., concur.

 
 [1] We decide this case without oral argument pursuant 
 to Rule 215, SCACR.

 
 
 [2] In her responsive brief, Wife also makes vague claims of collusion 
 and misrepresentations at trial. We deem these claims abandoned due their 
 conclusory nature and the fact they are not in any way supported by the record. 
 See Bowen v. Lee Process Sys. Co., 342 S.C. 232, 536 S.E.2d 
 86 (Ct. App. 2000) (holding that the failure to provide argument or supporting 
 authority for an issue renders it abandoned); Zaman v. South Carolina Bd. 
 of Med. Examrs, 305 S.C. 281, 408 S.E.2d 213 (1991) (holding that an 
 appellate court will not consider any fact which does not appear in the record 
 on appeal).