603 S.E.2d 629

**B & B LIQUORS, INC., Respondent,**

v.

**Jeffery O'NEIL, Appellant.**

**No. 3868.**

Court of Appeals of South Carolina.

Heard Sept. 9, 2004.

Decided Sept. 27, 2004.

Melvin Richardson Hyman, Jr., of Charleston, for Appellant.

James Earle Reeves, of Summerville, for Respondent.

ANDERSON, J.:

B & B Liquors, Inc., (B&B) brought this breach of contract action against Jeffery O'Neil (O'Neil). The trial court granted B&B summary judgment in a one-sentence form order. We vacate the order and remand to the circuit court.

### *FACTUAL/PROCEDURAL BACKGROUND*

On February 27, 2000, O'Neil contracted with B&B through its sole officer and shareholder, Bruce Meadows (Meadows), to purchase a liquor business. The contract called for an upfront payment of $30,000, thirty-six monthly payments of $2,566, and a balloon payment of $102,136 due at the end of the thirty-six months. The contract further provided that if a monthly payment was more than ten days overdue, the interest rate would increase from nine and one-half percent to fourteen percent. If payment was more than thirty days late, the entire balance would become due.

From April 1, 2000 through September 1, 2000, O'Neil made the required monthly payments. Meadows died in September of 2000. As a result, O'Neil missed the October 2000 installment but resumed the monthly payments once he received notice of where they were to be sent. After missing the October installment, O'Neil fulfilled his obligations from November 2000 through April 2001. However, in May 2001, he stopped making payments.

B&B initiated this action on March 8, 2002 to recover the balance due under the contract plus prejudgment interest.

O'Neil answered and counterclaimed alleging mistake, negligent misrepresentation, and fraud.

B&B filed a motion for summary judgment contending the amount owed was not contested and there was no genuine issue of material fact in the case. A summary judgment hearing was set for May 27, 2003, but O'Neil was not given proper notice of the hearing. However, counsel for B&B informed O'Neil's attorney of the hearing a few hours before it was to take place. O'Neil's counsel attended in order to avoid delay, requesting only that he be given time to submit affidavits and memoranda pursuant to Rule 56, SCRCP.

After hearing the arguments, the trial judge allowed O'Neil ten days—or until June 6, 2003—to file documents in opposition to the summary judgment motion. On June 4, 2003, O'Neil filed by mail a memorandum and an accompanying affidavit. Copies were mailed to the judge on the same day. The clerk of court received and filed the documents on June 6, 2003.

O'Neil's affidavit included his testimony that Meadows provided him incorrect sales and income figures. O'Neil attached a tax return for the year 1998 and a sales report for that same year which reveal discrepant sales, costs, and profit accounts. According to the affidavit, Meadows gave O'Neil the sales report before the sale. Not until after O'Neil took over the business did he discover the tax return. He stated Meadows gave him other incorrect documents which had been lost. O'Neil averred his accountant could attest to the lost documents, but he did not provide an affidavit by his accountant. Finally, he testified that Meadows made a number of false statements to him in connection with the sale of the business.

On June 4, 2003—presumably prior to receipt of the memorandum and affidavit from O'Neil—the trial judge signed the form order granting summary judgment to B&B. The clerk of court filed the order on June 6, 2003, the day the documents were due. The court's form order stated: "Plaintiff's motion for summary judgment is granted." This appeal follows.

## STANDARD OF REVIEW

When reviewing the grant of a summary judgment motion, the appellate court applies the same standard which governs

the trial court under Rule 56(c), SCRCP. *White v. J.M. Brown Amusement Co., Inc.,* 360 S.C. 366, 601 S.E.2d 342 (2004); *Redwend Ltd. Partnership v. Edwards,* 354 S.C. 459, 468, 581 S.E.2d 496, 501 (Ct.App.2003), *cert. denied* (March 18, 2004) (citation omitted). Summary judgment is proper when there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. *White* at 370, 601 S.E.2d at 344; *Redwend* at 467, 581 S.E.2d at 501.

Summary judgment is appropriate where the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. *Redwend* at 467–68, 581 S.E.2d at 501. In determining whether any triable issues of fact exist, the evidence and all inferences which can be reasonably drawn therefrom must be viewed in the light most favorable to the nonmoving party. *Vermeer Carolina's, Inc. v. Wood/Chuck Chipper Corp.,* 336 S.C. 53, 518 S.E.2d 301 (Ct.App.1999). "Once the moving party carries its initial burden, the opposing party must, under Rule 56(e), do more than simply show that there is some metaphysical doubt as to the material facts but must come forward with specific facts showing there is a genuine issue for trial." *Hedgepath v. American Tel. & Tel. Co.,* 348 S.C. 340, 354, 559 S.E.2d 327, 335 (Ct.App.2001) (internal quotation marks omitted).

Summary judgment is not appropriate where further inquiry into the facts of the case is desirable to clarify the application of the law. *Vermeer* at 59, 518 S.E.2d at 305. Even when there is no dispute as to evidentiary facts, but only as to the conclusions or inferences to be drawn from them, summary judgment should be denied. *Hall v. Fedor,* 349 S.C. 169, 173–174, 561 S.E.2d 654, 656 (Ct.App.2002). "Moreover, summary judgment is a drastic remedy which should be cautiously invoked so no person will be improperly deprived of a trial of the disputed factual issues." *Redwend* at 469, 581 S.E.2d at 501 (citations omitted). "However, when plain, palpable, and indisputable facts exist on which reasonable minds cannot differ, summary judgment should be granted." *Hedgepath* at 355, 559 S.E.2d at 336.

## LAW/ANALYSIS

■ As a threshold consideration, the trial court's order fails to set forth findings of fact and conclusions of law. By filing a form order with no analysis, the court does not provide us an order we can fully review. In *Bowen v. Lee Process Systems Co.*, 342 S.C. 232, 536 S.E.2d 86 (Ct.App.2000), we explained:

> On appeal from the grant of summary judgment, an appellate court must determine whether the trial court's stated grounds for its decision are supported by the record. It is our duty to undertake a thorough and meaningful review of the trial court's order and the entire record on appeal. Where, as here, the trial court fails to articulate the reasons for its action on the record or enter a written order outlining its rationale, we simply cannot perform our designated function.

*Id.* at 235–36, 536 S.E.2d at 87–88 (footnotes omitted).

In its memorandum in support of summary judgment, B&B claims O'Neil could not rely on any representations due to a clause in the contract. Additionally, B&B contends the statements allegedly made by Meadows are barred by the Dead Man's Statute, S.C.Code Ann. § 19–11–20 (1985). Due to the perfunctory and conclusory nature of the trial judge's form order, we cannot determine the weight given to these arguments as juxtaposed to O'Neil's claims of mistake, misrepresentation, and fraud outlined in his memorandum and affidavit.

Indeed, based on the dates of the judge's signature and the filing of the order, we cannot determine whether he even considered the memorandum, affidavit, and exhibits filed by O'Neil. Although the order was not final until the clerk of court filed it on June 6, this filing took place the same day the clerk filed O'Neil's affidavit and memorandum. Moreover, the form order is dated "6/4/03"—two days before O'Neil's document submission deadline and the same day the documents were mailed to the court and the judge. Without a more detailed order, it is left purely to our conjecture whether the court considered the filings in making its decision.

■ As stated in *Bowen*, "the trial court should provide clear notice to all parties and the reviewing court as to the

rationale applied in granting ... summary judgment." *Id.* at 237–38, 536 S.E.2d at 89 (citations and footnotes omitted). **"It is imperative, then, that the trial court state the material facts it found undisputed and the applicable law supporting its grant of summary judgment"** in order for this court to properly review its decision. *Id.* at 241, 536 S.E.2d at 90–91 (emphasis added).

## *CONCLUSION*

As the trial court has failed to provide this Court with an adequate order for review, we vacate the grant of summary judgment and remand to the trial court for a written order identifying the facts and accompanying legal analysis upon which it relied in granting B&B's summary judgment motion. Because we decide this case on the issue of the written order granting summary judgment, we decline to address any other issues. The trial court's order is

**VACATED and the case is REMANDED to the circuit court.**

GOOLSBY and WILLIAMS, JJ., concur.