THIS OPINION HAS NO PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS
PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 239(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
Mary Lou Moseley, Appellant,
v.
Jim Oswald, Respondent.
 
 
 

Appeal From Lexington County
Kenneth G. Goode, Circuit Court Judge

Unpublished Opinion No. 2005-UP-530
Submitted September 1, 2005  Filed September 16, 2005

AFFIRMED

 
 
 
William E. Booth, III, of Columbia, for Appellant.
Blaney A. Coskrey, III, of Columbia; and Ralph S. Kennedy, Jr., of Batesburg-Leesville, for Respondent.
 
 
 

PER CURIAM:  In this conversion action, Mary Lou Moseley appeals from the circuit courts order granting Jim Oswalds motion for summary judgment.  We affirm.[1]
Facts
Moseley filed this conversion action alleging that Oswald wrongfully converted personal property belonging to her.  Moseleys theory as set forth in her complaint is that the person who purchased the real property thereby converted any personal property she may have had that was located there.  The complaint avers:

[T]he Defendant recently has taken title to a parcel of real estate known as the intersection of U.S. Highway #1 and State Highway 23.  The property in question previously belonged to Plaintiffs son.  Plaintiffs property at all times has been lawfully stored on the property and Plaintiff has only recently come to learn that the property in question belongs to the Defendant.

In his answer, Oswald denied Moseleys allegations.  Before filing the answer, Oswald filed a motion to dismiss, claiming that a necessary party, Oswald Wholesale Lumber, Inc. (Oswald Wholesale), should have been named as a defendant because Oswald Wholesale was the purchaser of the real property, as opposed to Oswald individually.  The court denied the motion.  More than four years after the case was filed, Moseley filed a motion to amend her complaint to add Oswald Wholesale as a party.  The motion was denied.  Thereafter, Oswald filed a motion for summary judgment, which the circuit judge granted.
Standard of Review
Summary judgment is proper when it is clear there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law.  Bowen v. Lee Process Systems Co., 342 S.C. 232, 536 S.E.2d 86 (Ct. App. 2000).  Summary judgment should be granted when plain, palpable, and undisputable facts exists upon which reasonable minds cannot differ.  Id.  To determine whether an issue of fact exists, the court must view the evidence and all its inferences in a light most favorable to the nonmoving party.  Id.
Once the party moving for summary judgment meets the initial burden of showing an absence of evidentiary support for the opponents case, the opponent cannot simply rest on mere allegations or denials contained in the pleadings.  Peterson v. West American Ins. Co., 336 S.C. 89, 518 S.E.2d 608 (Ct. App. 1999).  Rather, the nonmoving party must come forward with specific facts showing there is a genuine issue for trial.  Regions Bank v. Schmauch, 354 S.C. 648, 582 S.E.2d 432 (Ct. App. 2003).
Discussion
Moseley argues the circuit court erred in granting Oswalds motion for summary judgment.  We disagree.
Conversion is the illegal use, misuse, or detention of anothers chattel to the exclusion of the owners rights.  Hite v. Thomas & Howard Co., 305 S.C. 358, 409 S.E.2d 340 (1991).  Conversion is defined as the unauthorized assumption and exercise of rights of ownership over goods or personal chattels belonging to another, to alteration of their condition or to exclusion of rights of the owner.  Mullis v. Trident Emergency Physicians, 351 S.C. 503, 570 S.E.2d 549 (Ct. App. 2002).
Moseley submitted an affidavit in opposition to the summary judgment motion.  In her affidavit, Moseley declared: Jim Oswald personally has exercised control and apparent ownership of the automobiles on several occasions.  Moseley provides no admissible facts to support this conclusory statement.  The court must consider facts, not conclusory statements in affidavits.  Ultimate or conclusory facts and conclusions of law, as well as statements made on information and belief, cannot be utilized on a summary judgment motion.  Dawkins v. Fields, 354 S.C. 58, 580 S.E.2d 433 (2003); see also Shupe v. Settle, 315 S.C. 510, 445 S.E.2d 651 (Ct. App. 1994) (finding conclusory statement in affidavit insufficient to resist summary judgment).
Further, Moseley states: I dealt with Mr. Oswald and had my son Dennis talk to Mr. Oswald about getting the cars and other property off of the property. . . . My son Dennis also talked to Mr. Oswald about getting the automobiles.  There is no indication of what Dennis said, what Oswald said in response, or how that conversation supports a claim of conversion against Oswald individually.  Moreover, that conversation, as described by Moseley, is hearsay.
Moseleys allegation that Oswald purchased real property, thereby converting her personal property, is without support.  There is no genuine issue as to any material fact for trial.  Thus, the judge did not err in granting summary judgment to Oswald.
Accordingly, the order of the circuit judge granting summary judgment to Oswald is
AFFIRMED.
 ANDERSON, HUFF and WILLIAMS, JJ., concur.

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.