THIS
 OPINION HAS NO PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS
PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
 Deborah
 J. Clegg, as Personal Representative of the Estate of Allison Clegg, Respondent,
 v.
 Elliot
 M. Lambrecht, Douglas A. Lambrecht, Rhett Barker, Jan Horan, and Anna C.
 Lambrecht, Defendants, Of Whom Douglas A. Lambrecht is the Appellant.
 
 
 

Appeal From Beaufort County
Roger M. Young, Circuit Court Judge

Unpublished Opinion No. 2009-UP-376
Withdrawn, Substituted and Refiled June 30, 2009
Formerly Opinion No.4498
Heard December 2, 2008  Filed February 5, 2009
Withdrawn, Substituted, and Refiled May 13, 2009

VACATED AND REMANDED

 
 
 
 John E. North,
 Jr., and Pamela K. Black, both of Beaufort, for Appellant.
 H. Fred Kuhn,
 Jr., of Beaufort and Richardson Wieters, of Hilton Head, for Respondent. 
 
 
 

PER CURIAM: Douglas
 Lambrecht appeals the denial of a motion to impose sanctions under Rule 11,
 SCRCP, or pursuant to the South Carolina Frivolous Civil Proceedings Sanctions
 Act (FCPSA)
 under Sections 15-36-10, et seq. of the South Carolina Code (Supp. 2008).  We
 now withdraw our previous opinion from publication and substitute this revised
opinion.  We vacate and remand.
Under the
 peculiar facts of this case, more specific findings and conclusions by the
 trial court are necessary because a duty to dismiss or withdraw frivolous
 litigation may arise at a subsequent point in the litigation based on whether
 an attorney knew or should have known a claim is frivolous.  This type of
 review requires an intensive factual consideration of the record, including
 discovery.  We are unable to determine which facts the trial court relied upon
 in its decision.  We therefore vacate the denial of sanctions and remand the
 matter to the trial judge for an order "identifying the facts and
 accompanying legal analysis on which [he] relied" to enable meaningful
 appellate review of this issue.  Doe v. Howe, 367 S.C. 432, 449, 626
 S.E.2d 25, 34 (Ct. App. 2005); Bowen v. Lee Process Sys. Co., 342 S.C.
 232, 234, 536 S.E.2d 86, 88 (Ct. App. 2000); see also Ackra Direct
 Mktg. Corp. v. Fingerhut Corp., 86 F.3d 852, 857 (8th Cir. 1996) (explaining
 that although courts are not normally required to make findings of fact or
 conclusions of law in ruling on motions, the court "may remand when the
 lack of findings by the district court would substantially hinder"
 appellate review).  Upon remand, the trial court shall conduct a separate
 evaluation under Rule 11, SCRCP, and under FCPSA, and make findings and
conclusions as to each sanction mechanism asserted.
VACATED
AND REMANDED.
WILLIAMS,
PIEPER, and GEATHERS, JJ., concur.