694 S.E.2d 244

**J. Emilie CAREY and Henry Thomas, Appellants,**

v.

**SNEE FARM COMMUNITY FOUNDATION and Jackie Walker, President, Defendants, of whom Snee Farm Community Foundation is the, Respondent.**

No. 4690.

Court of Appeals of South Carolina.

Submitted May 3, 2010.
Decided June 1, 2010.

Thomas R. Goldstein, of Charleston, for Appellants.

Kenneth Michael Barfield, of Charleston, for Respondent.

PER CURIAM.

J. Emilie Carey and Henry G. Thomas (collectively Homeowners) filed this action against Snee Farm Community Foundation and Jackie Walker, President (collectively the Founda-

tion) seeking injunctive relief based on alleged irregularities in the 2007 election of directors to the Foundation. The trial court granted summary judgment to the Foundation. Homeowners appeal. We vacate and remand.[1]

## FACTS

The Snee Farm Subdivision contains approximately 890 homes, including single-family homes and townhouses, amenities, and open space restricted by deed for recreational use. The current owner of the open space sought to develop a portion of the open space. The proposal generated strong feelings in the community, both for and against the proposal.

Homeowners live in the Snee Farm Subdivision, which is subject to the by-laws of the Foundation. The Foundation is governed by the Board of Directors. Directors are elected to the Board and serve staggered three-year terms. At the time of the election and this action, Jackie Walker was a director and president of the Board.

According to Homeowners, Walker interfered in the 2007 election process to fill the Board with directors that supported the development proposal. Homeowners filed this action alleging, *inter alia*, Walker inappropriately placed herself on the nominating committee, and the 2007 election for Board members was invalid. Homeowners and the Foundation moved for summary judgment.

The trial court held a hearing on the motions. The Foundation argued: (1) the nominating committee's actions and election were conducted according to the by-laws; (2) the business judgment rule applied to the conduct of the Board; and (3) the issue was moot because another election would soon be held. In a form order without any stated grounds for its decision, the trial court granted the Foundation's motion for summary judgment. Likewise without stated grounds, the trial court denied Homeowners' motion for reconsideration. Homeowners appeal.

---

1. We decide this case without oral argument pursuant to Rule 215, SCACR.

## LAW/ANALYSIS

Homeowners argue the trial court erred in failing to set forth findings of fact and conclusions of law in its order. We agree.

In *Bowen v. Lee Process Systems Co.,* this court stated:

On appeal from the grant of summary judgment, an appellate court must determine whether the trial court's stated grounds for its decision are supported by the record. It is our duty to undertake a thorough and meaningful review of the trial court's order and the entire record on appeal. Where, as here, the trial court fails to articulate the reasons for its action on the record or enter a written order outlining its rationale, we simply cannot perform our designated function. We therefore hold a trial court's order on summary judgment must set out facts and accompanying legal analysis sufficient to permit meaningful appellate review.

342 S.C. 232, 235–37, 536 S.E.2d 86, 87–88 (Ct.App.2000) (footnotes omitted). The court in *Bowen* vacated the order granting summary judgment and remanded "the case to the trial court for a written order identifying the facts and accompanying legal analysis upon which it relied...." *Id.* at 241, 536 S.E.2d at 91; *see B & B Liquors, Inc. v. O'Neil,* 361 S.C. 267, 271–72, 603 S.E.2d 629, 631–32 (Ct.App.2004) (citing *Bowen,* this court vacated and remanded for a written order where trial court granted summary judgment by using a form order).

This court has distinguished *Bowen* where the trial court affirmed an order of the Workers' Compensation Commission in a form order where the commission's order adopted the single commissioner's order. *Porter v. Labor Depot,* 372 S.C. 560, 567–68, 643 S.E.2d 96, 100 (Ct.App.2007) (stating "not all situations require a detailed order, and the trial court's form order may be sufficient if the appellate court can ascertain the basis for the trial court's ruling from the record on appeal"). Likewise, this court distinguished *Bowen* and addressed the merits where the trial court denied post-trial motions in a form order. *See Clark v. S.C. Dep't of Pub. Safety,* 353 S.C. 291, 311–12, 578 S.E.2d 16, 26 (Ct.App.2002) (finding *Bowen* distinguishable because court's reasoning for denial of post-trial motions could be determined from the record on appeal).

However, this court relied on *Bowen* and distinguished *Clark* where the trial court summarily denied post-trial motions. *Doe v. Howe*, 367 S.C. 432, 447–48, 626 S.E.2d 25, 32–34 (Ct.App.2005) (vacating and remanding where it could not be determined from the record why the trial court rejected the movant's post-trial arguments).

We conclude the trial court's reasoning for granting summary judgment in this case is not clear from the record. Accordingly, relying on *Bowen,* we vacate the order on appeal and remand for a written order identifying facts and accompanying legal analysis.

**VACATED AND REMANDED.**