THIS OPINION HAS NO
 PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY
 PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
 Larius G.
 Woodson and Maurissa Woodson, Appellants,
 
 
 

v.

 
 
 
 DLI Properties,
 LLC, Allen Tate Co, Inc., Melia C. Faile, and Alan L. Cauthen,
 of whom Allen
 Tate Co. and Melia C. Faile are the Respondents.
 
 
 

Appeal From Lancaster County
Brooks P. Goldsmith, Circuit Court Judge

Unpublished Opinion No. 2011-UP-291
 Submitted June 1, 2011  Filed June 14,
2011    

AFFIRMED

 
 
 
 John Martin Foster, of Rock Hill, for
 Appellants.
 Thomas L. Ogburn, III, of Charlotte, North
 Carolina, for Respondents.
 
 
 

PER CURIAM: Larius
 G. Woodson and Maurissa Woodson (the Woodsons) appeal a circuit court's grant
 of summary judgment to Allen Tate Co., Inc. (ATC) and Melia C. Faile on claims
 of fraud, negligent misrepresentation, and unfair trade practices.  They raise
 a number of issues addressing whether summary judgment was appropriate.  We
 affirm for failure to provide a sufficient record.[1]
"Summary judgment is
 proper when it is clear there is no genuine issue as to any material fact and
 the moving party is entitled to judgment as a matter of law."  Bowen v. Lee Process Sys. Co., 342 S.C. 232, 235, 536 S.E.2d 86, 87 (Ct.
 App. 2000).  In Bowen v. Lee Process Systems Co., this court vacated a
 trial court's grant of summary judgment and remanded the case to the trial
 court for more specific findings and analysis because the trial court's "fail[ure]
 to articulate the reasons for its action on the record or enter a written order
 outlining its rationale . . ." prevented this court from
 sufficiently reviewing whether summary judgment was appropriate.  Id. at
 235-36, 241, 536 S.E.2d at 88, 91.  
Here, we cannot determine
 whether summary judgment was appropriate because the trial court's order fails
 to articulate its reasons for granting summary judgment.  However, we do not
 vacate and remand this case because the trial court might have articulated its
 decision during the summary judgment hearing and the Woodsons failed to provide
 a hearing transcript.  Because the Woodsons failed to satisfy their burden of
 providing a sufficient record, therefore, we affirm the appeal.  See Rule 210(h), SCACR ("[T]he appellate court will not consider any fact
 which does not appear in the Record on Appeal."); Price v. Pickens
 Cnty., 308 S.C. 64, 67, 416 S.E.2d 666, 668 (Ct. App. 1992) ("The
 burden is on the appellant to provide a sufficient record such that this court
 can make an intelligent review." (citation omitted)).  
AFFIRMED.
HUFF,
 WILLIAMS, and THOMAS, JJ., concur.

[1] We decide this case without oral argument pursuant to
 Rule 215, SCACR.