**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

Drake Malpass, Appellant,

v.

Nick Burns, Respondent.

Appellate Case No. 2018-001886

Appeal From Greenville County
Perry H. Gravely, Circuit Court Judge

Unpublished Opinion No. 2021-UP-001
Submitted November 1, 2020 – Filed January 6, 2021

**AFFIRMED**

Drake Malpass, of Simpsonville, pro se.

Nick Burns, of Greenville, pro se.

**PER CURIAM:** Drake Malpass appeals a circuit court order affirming the magistrate court's order dismissing his complaint against Nick Burns. Because Malpass has failed to provide a sufficient record upon which this court can make a decision, we affirm pursuant to Rule 220(b), SCACR, and the following authorities: Rule 210(h), SCACR ("[T]he appellate court will not consider any fact which does not appear in the Record on Appeal."); *Medlock v. One 1985 Jeep Cherokee VIN 1JCWB7828FT129001*, 322 S.C. 127, 132, 470 S.E.2d 373, 376

(1996) ("The appellant has the burden of providing this court with a sufficient record upon which to make a decision."); *Germain v. Nichol*, 278 S.C. 508, 509, 299 S.E.2d 335, 335 (1983) ("Appellant has the burden of providing [an appellate court] with a sufficient record upon which [the appellate court] can make its decision."); *id.* (affirming the trial court's judgment when the appellant failed to provide "any of the trial testimony" to support his argument that the evidence did not justify the damages award); *Price v. Pickens Cnty.*, 308 S.C. 64, 67, 416 S.E.2d 666, 668 (Ct. App. 1992) (affirming an appeal from the circuit court in which the appellant failed to provide "the complete order of the magistrate").[1]

**AFFIRMED.**[2]

**LOCKEMY, C.J., and KONDUROS and MCDONALD, JJ., concur.**

---

[1] We note the record on appeal does not contain a complete copy of the hearing transcripts, a complete copy of the circuit court's order, the magistrate court's order, the underlying complaint, or any answer from Burns.

[2] We decide this case without oral argument pursuant to Rule 215, SCACR.