**UNITED STATES of America,
Plaintiff,**

**v.**

**ONE 1973 PACE ARROW M300 MOTOR HOME, M/S NO. 30 B 3 N 40 S 3351, LICENSE NO. 914 HTT, its tools and appurtenances, Defendant,**

**Isabel Caroline Lovejoy, Claimant.**

**No. 73-2183-AAH.**

United States District Court,
C. D. California.

Aug. 5, 1974.

William D. Keller, U. S. Atty., Frederick M. Brosio, Jr., Asst. U. S. Atty., Chief, Civil Div., for plaintiff.

Richard G. Sherman, Los Angeles, Cal., for defendant.

## FINDINGS OF FACT AND CONCLUSIONS OF LAW

HAUK, District Judge.

This action having come on for trial before this Court on July 16, 1974, the Honorable A. Andrew Hauk, Judge presiding, the plaintiff being represented by Assistant United States Attorney John L. Guth, and the claimant being represented by Richard G. Sherman, Esquire, the Court having considered all the pleadings and memorandums filed, the stipulations of the parties to certain facts, the testimony given at the trial, and the exhibits offered into evidence, makes the following findings of fact and conclusions of law:

### Findings of Fact

1. On July 27, 1973, the defendant Pace Arrow Motor Home was used to illegally transport and facilitate the sale and concealment of marijuana.

2. On July 27, 1973, Drug Enforcement Administration agents Simeon Greene and Roger Johnson were told by Robert Rubin and Manfred Geisler that the defendant motor home contained a quantity of marijuana which Rubin and Geisler intended to sell to Greene and Johnson.

3. Subsequent to Greene and Johnson being advised by Geisler and Rubin of the presence of marijuana in the defendant motor home, Geisler drove the motor home away from the location of the previously described meeting and later re-

turned with an additional quantity of marijuana. At that time, the marijuana was inspected by Greene and Johnson who then gave a signal to other federal agents who proceeded to arrest Geisler and Rubin.

4. Upon the arrest of Geisler and Rubin, the defendant motor home was seized and the marijuana contained therein was removed.

5. Geisler was an accomplice to Rubin in the plan to sell marijuana to Greene and Johnson.

6. Although the claimant Isabel Caroline Lovejoy was the registered owner of the defendant motor home, she had granted permission to Geisler to use the motor home for whatever purpose he desired.

7. Claimant Lovejoy knew, or should have known, of the possibility of illegal use of the defendant motor home by Geisler.

8. The defendant motor home was in fact put to an illegal use.

9. The motor home was put to an illegal use before the federal agents talked to Geisler or Rubin about the desirability of using said motor home for any purpose.

10. The following conclusions of law to the extent they be deemed to be findings of fact are hereby incorporated into the Findings of Fact.

*Conclusions of Law*

■ 1. The foregoing Findings of Fact to the extent that they are deemed to be conclusions of law are hereby incorporated into the Conclusions of Law.

2. This Court has jurisdiction over the subject matter of this action, the action being one for the forfeiture of the defendant motor home.

3. This Court does not have jurisdiction to review the administrative denial of the claimant's Petition for Remission.

4. The alleged innocence of the claimant, Isabel Caroline Lovejoy, is not a defense to this forfeiture action. Calero-Toledo, Superintendent of Police, et al v. Pearson Yacht Leasing Co., 416 U. S. 663, 94 S.Ct. 2080, 40 L.Ed.2d 452 (1974).

5. The plaintiff has shown probable cause to believe and also has established beyond a reasonable doubt that the defendant motor home was used to illegally transport and facilitate the transportation, sale, receipt, possession, and concealment of marijuana.

6. Whatever the involvement by the federal agents in the decision to use the defendant motor home to transport marijuana, it is not a defense in this action since the defendant motor home had already been used for that purpose prior to any discussion with the federal agents.

7. The defendant motor home is forfeitable to the United States of America pursuant to 21 U.S.C. § 881.

Let judgment issue accordingly.

## AMENDED JUDGMENT

This action came on for trial before this Court, the Honorable A. Andrew Hauk, Judge presiding, and the issues having been tried, and a decision having been duly rendered,

It is ordered and adjudged that the defendant be, and the same is hereby condemned and forfeited to the United States of America.

It is further ordered that the defendant be sold by the U. S. Marshal at public auction; and that the said U. S. Marshal pay the proceeds of the sale, after deducting all expenses incident to said sale to the U. S. Attorney for the Central District of California, to the Drug Enforcement Administration, Los Angeles, California, and make its return thereon to the Court.