176

20966

The STATE, Respondent, v. Michael MOORE, Preston Powell and
Wayne Lambert, Appellants.

(255 S. E. (2d) 448)

*Wallace D. Connor,* of *Connor & Connor,* Kingstree, *for appellants.*

*Atty. Gen. Daniel R. McLeod* and *Asst. Attys. Gen., Brian P. Gibbes* and *Kay G. Crowe,* Columbia, and *Sol. R. Kirk McLeod,* Sumter, *for respondent.*

May 23, 1979.

LEWIS, Chief Justice:

Appellants were indicted and convicted for hunting deer at night in violation of Section 50-11-20, 1976 Code of Laws

of South Carolina, and appeal upon exceptions charging error (1) in the refusal of the trial judge to allow counsel for appellants to argue to the jury the question of punishment; (2) in failing to instruct the jury concerning the requirements of Code Section 50-11-2090, that any vehicle or firearms used in the night hunting of deer are forfeited to the State; and (3) in the form of the sentence imposed.

Exceptions 1 and 2, being without merit and controlled by settled principles of law, are dismissed under Rule 23. We conclude, however, that the form of the sentence was improper and remand for resentencing.

The punishment provided under Code Section 50-11-20 for, first offense, night hunting is: "not more than one thousand dollars, or be imprisoned for not more than one year, or both."

The sentence imposed by the trial judge in this case, as to each appellant was:

The sentence of the court is that the defendant . . . be confined at hard labor on the Public Works of the County of Williamsburg, or in the Central Correctional Institution, for a period of one (1) year and pay fine of $1,000.00 provided that payment of $500.00 and work 30 days free for the county or in Forestry Dept. or Wildlife Dept. or any public agency 8 hours per day and one (1) year probation.

While the sentence is devoid of any mention of a suspended sentence, we assume, as do the parties, that the trial judge intended to impose a sentence of one year and a fine of $1,000.00, suspended upon the payment of a fine of $500-.00 and the service of thirty (8 hour) days free work for the county or in the Forestry Department or Wildlife Department or any other Public Agency.

The requirement that appellants perform a thirty-day period of free public work for the agency or agencies specified was clearly a part of the sentence. We agree with appellants

that such sentence is not authorized under Code Section 50-11-20, under which sentence was imposed. Under the statutes, the provisions for imprisonment can only be on the public works of the county or the State Department of Corrections. See: Code Section 17-25-70. There is no provision that defendants may be sentenced to perform other public work.

The effect of the imposition of an unauthorized sentence is thus stated in 21 Am. Jur. 2d, Criminal Law, Section 535:

A judgment by a court in a criminal case must conform strictly to the statute, and any variation from its provisions, either in the character or the extent of punishment inflicted, renders the judgment void. A statute which creates an offense and prescribes a special form of punishment excludes any different or additional punishment.

Sound reasons justify adherence to statutory sentences. Provisions for supervision of defendants sentenced to imprisonment are presumably made in the light of the requirements of the sentences authorized by statute. Administrative and supervisory problems would inevitably result if nonstatutory sentences are permitted. It is unreasonable to expect that sufficient supervisory personnel be readily available to effectuate every innovative sentence conceived by the trial judge, regardless of how meritorious the particular sentence might be.

The judgment of conviction is sustained, but the sentence is set aside and the case remanded for resentencing.

LITTLEJOHN, RHODES and GREGORY, JJ., and JOSEPH R. Moss, Acting Associate Justice, concur.