## 21404

Michael MOORE and Preston Powell, Appellants-Respondents, v. James A. TIMMERMAN, Jr., Executive Director, South Carolina Wildlife and Marine Resources Department and Robert Morris, Respondents-Appellants.

(276 S. E. (2d) 290)

*Wallace D. Connor,* of *Connor, Connor & Shuler,* Kingstree, *for appellants-respondents.*

*Asst. Atty. Gen. Tommy B. Edwards,* Columbia, *for respondents-appellants.*

March 9, 1981.

HARWELL, Justice:

This case involves the forfeiture of a vehicle and other personal property used in hunting deer at night.

Michael Moore and Preston Powell were arrested and charged with night hunting for deer in violation of Section

50-11-20 of the Code of Laws of South Carolina (1976). Two rifles, a shotgun and truck were seized from the defendants at the scene of the arrest pursuant to Section 50-11-2090.[1] Moore posted a $1,000 redemptiton payment in order to recover the truck. Moore and Preston Powell were later convicted for the night hunting and that conviction has been upheld by this Court. *State v. Moore*, 273 S. C. 176, 255 S. E. (2d) 448 (1979). Subsequent to the affirmation of the conviction, the rifles and shotgun were sold at public auction as provided for by Section 5011-2100.[2] The shotgun belonged to P. Edward Powell who, it has been stipulated, had no knowledge of the unlawful use of the weapon.

After the sale, Moore and the Powells brought this action challenging the constitutionality of the forfeiture procedure by alleging that their property had been taken without due process of law since they allegedly received no notice of the forfeiture or any opportunity to be heard prior to the sale. The parties defendant, representing the South Carolina Wildlife and Marine Resources Department, responded that the property was forfeited and sold in conformity with the statutory provisions at §§ 50-11-2090 and 50-11-2100 and that the criminal trial in which Moore and Powell were con-

---

[1] Section 50-11-2090 provides in part as follows:
"Every vehicle, boat, animal and firearm used in the hunting of deer at night is hereby declared forfeited to the State and shall be confiscated by any peace officer, who shall forthwith deliver it to the Director of the Division of Game or his duly authorized agent."

[2] Section 50-11-2100 provides:
"The Director or his authorized agent shall sell any such vehicle, boat, animal or firearm at public auction for cash to the highest bidder in front of the county courthouse in the county where it is confiscated, after having given ten days' public notice of such sale by posting advertisement thereof on the door or bulletin board of the county courthouse or by publishing such advertiement at least once in a newspaper of general circulation in such county. Upon such sale the Director shall pay over the net proceeds thereof, after payment of the proper costs and expenses, if any, of the seizure, advertisement and sale, including any proper expense incurred for storage of such vehicle or boat or for the housing and feeding of such animal pending the sale, to the State Treasurer for deposit in the game protection fund. But when the vehicle, boat or animal is of greater value than one thousand dollars, the owner thereof may at any time before sale redeem it by paying to the Director for deposit as aforesaid the sum of one thousand dollars therefor."

victed provided sufficient due process on the issue of forfeiture.

The trial court held that the criminal trial and convictions of Moore and Preston Powell afforded them sufficient due process but that this process was insufficient as to Edward Powell. The trial court determined that the legislature did not intend to apply the forfeiture statutes to innocent property owners. The court therefore ordered that the sale of the shotgun be set aside and that it be returned to Edward Powell. All the parties except Edward Powell have appealed. We affirm the trial court for the reasons hereafter stated.

To determine whether property may properly be subject to forfeiture under Section 50-11-2090 only two basic questions need be answered affirmatively: (1) Were the persons arrested hunting deer at night? (2) Were the properties seized from them in their possession during the violation? As for those convicted, Moore and Preston Powell, these matters were settled at the criminal trial. A civil action brought to determine the issue of forfeiture could accomplish no more.

Section 50-11-2090 is a penal statute and as such is subject to strict construction. *Commercial Credit Corporation v. Webb*, 245 S. C. 53, 138 S. E. (2d) 647 (1964). The section cannot be construed alone, however, but must be read in the context of the game protection chapter of which it is a part. Forfeiture results from the hunting of deer at night. But Section 50-11-2090, alone, contains no method for determining whether the night hunting has, in fact, occurred. It is therefore clear that Section 50-11-2090 must be construed specifically in relation with Sections 50-11-20 and 50-11-25 which make night hunting unlawful and provide sanctions for violation of the law. Section 50-11-2090 adds to the general sanctions that of forfeiture whenever the arrestee is convicted for the night hunting of deer.

In an analagous situation in *Shipman v. Dupre,* 222 S. C. 475, 73 S. E. (2d) 716 (1952), we held that confiscation of commercial fishing equipment as a punishment additional to other statutorily provided for penalties did not violate due process where the confiscation was contingent upon a prior conviction for operating without a license. In the *Shipman* case the statute at issue, Section 3379, Code of Laws of South Carolina (1942) (now Section 50-17-410), made the prior conviction an explicit requirement. The same requirement here, while not made explicit, is clearly implicit upon a reasonable reading of the statutes. We therefore find that Moore and Preston Powell were in no way deprived of a due process opportunity to be heard under these circumstances.

Since the legislature has elected to make forfeiture a punishment contingent upon a criminal conviction for night hunting, it is clear that only the seized property belonging to the criminal defendants is subject to forfeiture. This result must follow because the statutes provide only the criminal defendants with notice and an opportunity to be heard.[3]

The result we reach is compelled by the nature of the statutes before us. In fact, property used in the commission of crimes, and which is therefore otherwise subject to forfeiture is not necessarily protected merely because it is owned by an innocent third party. *Calero-Toledo v. Pearson Yacht Leasing Company,* 416 U. S. 663, 94 S. Ct. 2080, 40 L. Ed. (2d) 452, petition for rehearing denied, 417 U. S. 977, 94 S. Ct. 3187, 41 L. Ed. (2d) 1148 (1974); *United States v. One 1975 Mercedes, 280 S.* 590 F. (2d) 196 (6th Cir. 1978); *United States v. Marathon Pipe Line Company,* 589 F. (2d) 1305 (7th Cir. 1978); *United States v. One 1973 Pace Arrow M 300 Motor*

---

[3] We have previously found this forfeiture provision inapplicable to the interests of innocent lienholders. See *Commercial Credit Corporation v. Webb,* 245 S. C. 53, 138 S. E. (2d) 647 (1964). This is the first opportunity we have had to construe it in relation to the interests of innocent owners or gratuitous bailors.

*Home,* 379 F. Supp. 223 (D. Cal. 1974) ; 36 Am. Jur. (2d) Forfeitures and Penalties § 18, p. 624. It is clear however that if all property seized is intended to be subject to forfeiture, then the parties claiming an interest in the property must be afforded the basic due process notice and hearing rights. 36 Am. Jur. (2d) Forfeitures and Penalties § 36, at 634-635. As stated at 37 C. J. S. Forfeituures § 5(b), at p. 11-12:

"Notice must be given to the owner of the property seized and those claiming an interest therein of the proceedings; there must be either personal notice to the owner, or at least a proceeding *in rem* with notice by publication; and a hearing must be had at which they can be heard, except in a few cases of necessity. A statute or ordinance which allows the seizure and confiscation of a person's property by ministerial officers without inquiry before a court or an opportunity of being heard in his own defense is a violation of the elementary principles of law and the constitution."

A party with an interest in the seized property must be given the opportunity to come forward and show, if he can, why the *res* should not be forfeited and disposed of as provided for by law.

The order of the trial juduge is therefore

Affirmed.

LEWIS, C. J., and LITTLEJOHN, NESS and GREGORY, JJ., concur.