701 S.E.2d 48

**James David FARMER, Respondent/Appellant,**

v.

**FLORENCE COUNTY SHERIFF'S OFFICE,**
**Appellant/Respondent.**

No. 4752.

Court of Appeals of South Carolina.

Heard April 13, 2010.

Decided Oct. 13, 2010.

James C. Rushton, III, of Florence, for Appellant/Respondent.

Patrick J. McLaughlin, of Florence, for Respondent/Appellant.

THOMAS, J.

This is a cross-appeal of an order in a civil action for damages allegedly arising from the retention by the Florence County Sheriff's Office (the Sheriff's Office) of inventory from James David Farmer's retail business pursuant to a warrant asserting that Farmer was selling counterfeit merchandise. The trial judge ordered the Sheriff's Office to return to Farmer the seized inventory items that were not involved in any resulting criminal conviction and, based on that ruling, refused to allow Farmer to proceed on his claims for negligence, conversion, and civil conspiracy. In the primary appeal, the Sheriff's Office argues the trial judge erred in ordering the return of the contraband. In his cross-appeal, Farmer argues he should have been allowed to pursue several private causes of action for damages against the Sheriff's Office. We affirm in part and remand.

## FACTS AND PROCEDURAL HISTORY

Farmer was the sole proprietor of "Top Gear Clothing," a retail business in Florence, South Carolina. On August 30, 2007, pursuant to a warrant issued the same day, agents of the Sheriff's Office initiated a raid of Top Gear Clothing, seizing Farmer's inventory of clothing, footwear, movie DVDs and music CDs.

Farmer was subsequently charged with trafficking in counterfeit goods in violation of section 39–15–1190 of the South Carolina Code (Supp.2009) and distribution of pirated recordings in violation of sections 16–11–930 and 16–11–940 (2003). On January 23, 2008, Farmer negotiated a plea on the charge concerning the alleged distribution of pirated recordings. The charges concerning the counterfeit goods were dismissed.

By letter dated February 5, 2008, Farmer's attorney demanded that the Sheriffs Office return the clothing and footwear seized from Top Gear Clothing, noting these items were not the subject of any guilty plea. After receiving no response, counsel sent another letter on March 19, 2008, informing the Sheriff's Office he was making a "final demand" on Farmer's behalf for the return of the items referenced in the previous letter. Counsel further advised that if the items in question were not returned within ten days of the date of the letter, a lawsuit would follow.

On May 30, 2008, Farmer filed his summons and complaint in the present action against the Sheriff's Office, alleging various causes of action arising from the allegedly wrongful retention of his inventory, namely, (1) negligence per se, (2) general negligence, (3) conversion, and (4) civil conspiracy. In his prayer for relief, Farmer asserted he was entitled to actual and consequential damages, special damages, lost profits and interest, and punitive damages. In its answer, the Sheriff's Office denied Farmer was entitled to the relief he requested and also asserted (1) Farmer failed to state a cause of action upon which relief could be granted, (2) it was entitled to immunity under the South Carolina Tort Claims Act, (3) Farmer failed to exhaust his administrative remedies, and (4) Farmer's negligence exceeded its own negligence. The Sheriff's Office admitted that no forfeiture proceedings had been filed in the matter.

On June 24, 2008, Farmer moved for summary judgment, arguing (1) the Sheriff's Office had no legal basis to continue to deny him the return of his inventory and (2) he was entitled to the immediate return of his property as well as special damages. On August 20, 2008, the Sheriff's Office filed a notice and cross-motion for summary judgment. Accompanying the motion was a memorandum of law in opposition to

Farmer's motion and in support of the cross-motion. In its memorandum, the Sheriff's Office argued (1) the applicable statute did not provide Farmer with a private right of action, (2) Farmer failed to avail himself of the means provided in the statute to recover his inventory, and (3) the South Carolina Tort Claims Act prevented Farmer from proceeding on his claim.

The trial judge heard both motions on September 2, 2008, and on September 26, 2008, issued the appealed order. In the order, the trial judge ruled Farmer was "entitled to the return of his inventory seized not related to his criminal convictions (i.e. clothes and shoes)" within ten days of the receipt of the order by the Sheriff's Office; however, the trial judge also cautioned Farmer that "if said items are, in fact counterfeit and he attempts to traffic such items after their return, he will, again, be subject to criminal charges." Based on this disposition of the matter, the trial judge further refused to grant a damages hearing, noting this decision was subject to the condition "that the items are returned in substantially the same condition as when seized." Acknowledging his order was "obviously a reasonable compromise," the trial judge purported to dismiss Farmer's private causes of action. He qualified this ruling, however, by suggesting Farmer should pursue redress under the South Carolina Tort Claims Act, which he did not consider in disposing of the cross-motions, and explaining that "[t]he Sheriff's Office simply cannot hold [Farmer's] property unless it is being held for use in a criminal proceeding." Both the Sheriff's Office and Farmer appeal.

## ISSUES

I. Did the trial judge err in ordering the Sheriff's Office to return the confiscated items to Farmer? (Sheriff's Office appeal)

II. Did the trial judge err in holding that Farmer's remedy was limited to recovery of his property and that Farmer did not have a private right of action against the Sheriff's Office for failing to return it? (Farmer's appeal)

## STANDARD OF REVIEW

Both the primary appeal and the cross-appeal involve the interpretation of sections 39–15–1190 and 39–15–1195 of the South Carolina Code (Supp.2009), which prohibit the sale of counterfeit goods, state the penalties for this offense, and set procedures for the seizure of counterfeit goods and institution of forfeiture proceedings by law enforcement agencies. Furthermore, although the matter came before the trial court on cross-motions for summary judgment, the facts are not in dispute; therefore, both issues to be decided in this appeal are to be reviewed de novo. *See Town of Summerville v. City of N. Charleston,* 378 S.C. 107, 110, 662 S.E.2d 40, 41 (2008) ("Determining the proper interpretation of a statute is a question of law, and this Court reviews questions of law de novo.").

## LAW/ANALYSIS

I. Return of the Property (Sheriff's Office Appeal)

 The Sheriff's Office argues the trial judge erred in ordering it to return the confiscated clothing and footwear to Farmer, contending it should have been allowed to retain possession of these items because (1) law enforcement agencies may hold allegedly counterfeit goods for purposes other than use in criminal proceedings, (2) inquiry into law enforcement's motives is not proper in a hearing for the return of the confiscated items, and (3) Farmer did not follow the statutory procedure available to him to obtain a forfeiture hearing.[1] We disagree.

The confiscated articles at issue in this appeal were seized pursuant to sections 39–15–1190 and 39–15–1195 of the South Carolina Code (Supp.2009). Section 39–15–1190(B)(1) prohibits a person from "knowingly and wil[l]fully transport[ing],

---

1. During oral argument before this court, counsel for the Sheriff's Office asserted the trial judge should have set the matter for a forfeiture hearing. Because, however, the Sheriff's Office made no argument to this effect in its appellant's brief, we do not consider whether it is entitled to this relief. *See Bochette v. Bochette,* 300 S.C. 109, 112, 386 S.E.2d 475, 477 (Ct.App.1989) ("An appellant may not use either oral argument or the reply brief as a vehicle to argue issues not argued in the appellant's brief.").

transfer[ring], distribut[ing], sell[ing], or otherwise dispos[ing] of" an item with a counterfeit mark. Section 39–15–1195(A)(1) authorizes the "seizure by and forfeiture to any law enforcement agency" of any property upon the violation of section 39–15–1190, and other paragraphs within this statute describe procedures that a law enforcement agency must observe for storing seized items in its custody. If a seizure is made "without process" pursuant to section 39–15–1195(B),[2] "proceedings pursuant to Section 44–53–530 regarding forfeiture *must* be instituted within a reasonable time." S.C.Code Ann. § 39–15–1195(C) (Supp.2009) (emphasis added).

Although section 39–15–1195 does not indicate who is to institute a forfeiture proceeding, section 44–53–530 of the South Carolina Code (2002 & Supp.2009), which is referenced within paragraph (C) of the statute, describes the procedures required to finalize a forfeiture of property seized in connection with the enforcement of laws regulating controlled substances. These procedures include a petition by the Attorney General, the circuit solicitor, or the appropriate designee, that identifies the seized property and all persons known by the petitioner to have interests in it. Farmer, then, could not have invoked section 39–15–1195(C) to obtain a forfeiture hearing.

■ Section 39–15–1195(C) also mandates that, when allegedly counterfeit property is seized pursuant to a warrant, "proceedings pursuant to Section 44–53–530 regarding forfeiture and disposition must be instituted within a reasonable time." We believe the South Carolina General Assembly included this requirement in recognition of due process concerns arising when the government deprives a claimant of the use of his or her property. *See United States v. Eight Thousand Eight Hundred and Fifty Dollars ($8,850) in United States Currency,* 461 U.S. 555, 564, 103 S.Ct. 2005, 76 L.Ed.2d 143 (1983) ("[T]he Fifth Amendment claim here— which challenges only the length of time between the seizure and the initiation of the forfeiture trial—mirrors the concern

---

**2.** Section 39–15–1195(B) allows seizure without process under various circumstances, among them, "if the seizure is incident to ... a search pursuant to a search warrant." S.C.Code Ann. § 39–15–1195(B)(1) (Supp.2009).

of undue delay encompassed in the right to a speedy trial."). Delays between the seizure and the institution of forfeiture proceedings must be reasonable, and unjustifiable delays have been, on due process grounds, recognized as reason to bar the government from further proceedings and to order the return of the seized property. *United States v. $62,972 in United States Currency*, 539 F.Supp. 586, 593 (D.Nev.1982).

As the trial judge observed, the items in dispute were not the subject of any criminal conviction and no hearing had taken place to determine whether or not they were in violation of section 39–15–1190. The Sheriff's Office has not provided any concrete reasons to justify its refusal to return Farmer's merchandise or any meaningful argument that its delay in instituting forfeiture proceedings was justified; indeed, it has even asserted that law enforcement need not provide any reason whatsoever to hold lawfully seized goods beyond the fact that a warrant had been issued for the seizure. In making these arguments, however, the Sheriffs Office appears to disregard the recognized purpose of a forfeiture hearing, which is "to *confirm* the state had probable cause to seize the property in question." *Gowdy v. Gibson*, 381 S.C. 225, 229, 672 S.E.2d 794, 796 (Ct.App.2008) (emphasis added) (citing *Medlock v. One 1985 Jeep Cherokee VIN 1JCWB7828FT129001*, 322 S.C. 127, 131, 470 S.E.2d 373, 376 (1996)). Regardless of whether forfeiture of property is contingent on a criminal conviction involving that property, a post-seizure hearing is the means by which an individual deprived by the government of his or her property is able to be heard on the matter. *See Moore v. Timmerman*, 276 S.C. 104, 109, 276 S.E.2d 290, 293 (1981) ("[I]f ... property seized is intended to be subject to forfeiture, then the parties claiming an interest in the property must be afforded the basic due process notice and hearing rights.").

The Sheriff's Office further argues that Farmer should have sought return of his property under section 39–15–1195(H). This section, however, only gives an aggrieved owner of items confiscated pursuant to section 39–15–1195 the option to "apply to the court of common pleas for the return of an item seized pursuant to the provisions of this chapter." Because section 39–15–1195(C) requires law enforcement to institute forfeiture proceedings "within a reasonable time," we hold that

any failure on Farmer's part to exercise an option provided under section 39–15–1195(H) does not excuse the Sheriff's Office from discharging its statutorily mandated responsibility to commence forfeiture proceedings in a timely manner.

## II. Private Right of Action (Farmer's appeal)

Farmer argues the trial judge erred in dismissing various private causes of action he asserted in his complaint, contending (1) the alleged ineffectiveness of section 39–15–1195(H) as a remedy made it necessary for him to seek redress through a private action against the Sheriff's Office and (2) section 39–15–1195(C) gives rise to a private cause of action especially in light of the South Carolina Tort Claims Act. We decline to address these arguments.

The matter came before the trial judge on cross-motions for summary judgment; however, conspicuously absent from the trial judge's rulings on Farmer's private claims is any analysis that would support a determination that the Sheriff's Office is entitled to judgment as a matter of law on these claims. Rather, the trial judge simply declined to hold a damages hearing in regards to the items he ordered the Sheriff's Office to return, noting the refusal to grant a damages hearing would stand "provided that the items are returned in substantially the same condition as when seized," and, in the laudable interest of effecting "a reasonable compromise," purported to dismiss Farmer's private claims. The trial judge further explained his decision did not take into consideration the South Carolina Tort Claims Act and specifically noted that Farmer should pursue whatever redress was available through that legislation. Contrary to the arguments Farmer has made in his cross-appeal, the trial judge's order did not bar him from seeking additional recompense from the Sheriff's Office for its refusal to return his inventory. Without any indication as to why the evidence, when viewed in light most favorable to Farmer, does not entitle him to seek private redress of any kind against the Sheriff's Office, we are unable to engage in meaningful review of that portion of the appealed order addressing his claims. *See Bowen v. Lee Process Sys. Co.*, 342 S.C. 232, 241, 536 S.E.2d 86, 90–91 (Ct.App.2000) ("It is imperative . . . that the trial court state the material facts it found undisputed and the applicable law supporting its grant

to summary judgment. . . ."). Based on our uncertainty in discerning precisely how the trial judge intended to dispose of Farmer's private causes of action, we remand this issue for a definitive ruling on the matter.

## CONCLUSION

We agree with the trial judge that the retention by Sheriff's Office of the items in dispute, without instituting forfeiture proceedings, warranted an order that the goods be returned to Farmer. We remand this matter to the trial judge for the necessary findings of fact and conclusions of law regarding whether or not the Sheriff's Office is entitled to judgment as a matter of law on Farmer's private causes of action.

**AFFIRMED IN PART AND REMANDED.**

FEW, C.J., and HUFF, J., concur.